UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE CARPENTER
CONTRACTOR ALLIANCE OF METROPOLITAN
NEW YORK, and the NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

                         Petitioners,

                v.

JAIDAN INDUSTRIES INC.,

                        Respondent.

**OPINION AND
ORDER**

20 Civ. 7008 (ER)

Ramos, D.J.:

      Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational

and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund,

the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"), and the New

York City District Council of Carpenters (the "Union") (together with the Funds, the

"Petitioners") petition the Court to confirm an arbitration award against Jaidan Industries,

Inc. ("Jaidan Industries").  Doc. 1.  For the reasons set forth below, the petitioner's

motion is granted.

**I.**      **Factual Background**

      Petitioners Trustees of the New York City District Council of Carpenters Pension,

Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry

Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. *Id.* at ¶ 4. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). *Id.* Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* at ¶ 5. Both the ERISA Funds and the Charity Fund maintain their principal place of business at 395 Hudson Street, New York, New York 10014. *Id.* at ¶¶ 4, 5. Petitioner Carpenter Contractor Alliance of Metropolitan New York (together, with the ERISA Funds and the Charity Fund, as the "Funds") is a New York not-for-profit corporation. *Id.* at ¶ 6. Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of Jaidan Industries. *Id.* at ¶ 7.

Jaidan Industries is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and maintains its principal place of business at 16 Capi Lane, Port Washington, New York 11050. *Id.* at ¶ 8. Jaidan Industries executed a Letter of Assent for work performed on the Chelsea District Health Center Renovation, 303 Ninth Avenue, New York, New York 10001 (the "Project"). *Id.* at ¶ 10. The Letter of Assent binds Jaidan Industries to the New York City Agency Project Labor Agreement Covering Specified Renovation and Rehabilitation of City Owned Buildings and Structures (the "PLA") between the City of New York and the

Building and Construction Trades Council of greater New York and Vicinity.  *Id.* at ¶ 10.
The PLA binds Jaidan Industries to the collective bargaining agreement between the
Building Contractors Association, Inc. ("BCA") and the Union in connection with all
work performed on the Project.  *Id.* at ¶¶ 12, 14, 15.  The CBA requires Jaidan Industries
to make contributions to the Funds for all work within the trade and geographical
jurisdiction of the Union.  *Id.* at ¶ 17.  The CBA provides that parties may seek
arbitration of disputes concerning claims arising from payments to the Fund.  *Id.* at ¶ 21.
The CBA also empowers arbitrators to award interest, liquidated damages, and/or costs as
applicable.  *Id.* at ¶ 22.  The CBA also provides that, in the event of an arbitrated dispute,
the Funds are entitled to collect, in addition to the delinquent contributions:  (1) interest
on the unpaid contributions at the prime rate of Citibank plus 2%; (2) an amount equal to
the greater of (a) the amount of the interest charges on the unpaid contributions or (b)
liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable
attorneys' fees and costs incurred by the Funds in collecting the delinquencies.  *Id.* at ¶
23.

    A dispute arose between the parties when an audit revealed that Jaidan Industries
failed to remit required contributions to the Funds in the period October 14, 2015 through
October 31, 2017 totaling in the amount of $373.28.  *Id.* at ¶¶ 24, 25, 26.  Petitioners
initiated arbitration before the designated arbitrator, Roger E. Maher.  *Id.* at ¶ 27.  The
arbitrator held a hearing, at which Jaidan Industries did not appear, and rendered an
award, which was revised on April 24, 2020 ("Award").  *Id.* at ¶¶ 28, 29.  The Award
found Jaidan Industries delinquent in its contributions to the Funds and ordered payment
of $5,142.23, consisting of:  (1) principal deficiency of $373.28; (2) interest of $56.61;

(3) liquidated damages of $74.66; (4) late payment interest of $499.18; (5) court costs of $400; (6) attorneys' fee $1,500; (7) arbitrator's fees $500; and (8) audit costs of $1,738.50.  *Id.* at ¶ 30.  The arbitrator also ordered interest of 6.75% accruing from the Award issue date.  *Id.* at ¶ 31.  To date, Jaidan Industries has failed to satisfy its obligations pursuant to the Award.  *Id.* at ¶ 32.  Petitioners also request attorneys' fees for time spent in collection efforts.  *Id.* at ¶ 35.

On August 28, 2020, Petitioners filed the instant petition to confirm the arbitration award.  Doc. 1.  Petitioners served Jaidan Industries on September 4, 2020.  Doc. 7.  Jaidan Industries failed to respond within 21 days.  Accordingly, the petition is considered unopposed.

## II.     Legal Standards

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court.  *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006).  The court is required to grant the award "unless the award is vacated, modified, or corrected."  *Id.* (quoting 9 U.S.C. § 9).  An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review."  *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).  It is not necessary that the arbitrator

explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co*., 462 F.3d at 110 (citation omitted).  In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits.  *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (citation omitted).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted).  A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."  *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted).  "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary

judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp*., 368 F.3d 123, 126 (2d Cir. 2004)).

## III.   Discussion

The Court finds that there is sufficient justification for this award. *Landy*, 954 F.2d at 797. The Arbitrator reviewed the CBA and Petitioners' evidence and found that Jaidan Industries violated the CBA by failing to contribute the required funds to the Funds. Doc. 1-10. "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that the award as to attorney's fees and costs is appropriate. Jaidan Industries has not appeared in this case and has not attempted to modify or vacate the award. Courts "have routinely awarded attorney[']s fees in cases where a party

merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).

Finally, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a). *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest in mandatory on awards in civil cases as of the date judgment is entered.").

## V.     Conclusion

For all of these reasons, the petition is granted and the arbitration award is confirmed. The Clerk is respectfully directed to enter judgment in favor of Petitioners in the amount of $5,142.23, plus 6.75% annual interest from the date of the Award through the judgment date. Jaidan Industries is also ordered to pay $1,868 in attorneys' fees and $70 in costs arising from this petition. This judgment shall accrue post-judgment interest pursuant to § 1961. The Clerk is further directed to mail a copy of this decision to Jaidan Industries and to close the case.

SO ORDERED.

Dated:     September 29, 2021
           New York, New York

_____
     Edgardo Ramos, U.S.D.J.